## Weekly Abstract of PENDING CASES

---

No. 270

MILLER et v. HESSELDON

No. 19619.   Supreme Court

On motion to certify.   Dock. Feb. 8, 1926; Abs. 112.

1235. VERDICT—Is a verdict void, for uncertainty when there are two defendants and the verdict reads "due plaintiff, from the defendant"?

Alden Hesseldon brought this action originally in the Richland Common Pleas against J. J. Miller and Walter Wentland for damages arising from personal injury.

It appears that Miller was the owner and operator of the Miller Buick-Cadillac Co.; and that on August 29, 1923 in the city of Mansfield, in the night season, a collision occurred at the intersection of Corporation alley and Franklin Ave. between Hesseldon, who was riding a bicycle and a Buick automobile owned by Miller but being driven by Wentland.

Wentland was an agent of a prospective purchaser. One Moore and one McMullen were in the car and were authorized by Miller to demonstrate cars. The jury returned a verdict against "the defendant", for $8000 upon which judgment was rendered and which judgment was affirmed by the Court of Appeals.

Miller and Wentland, in the Supreme Court, contend:

1. That the verdict is void for uncertainty, in that it is impossible to determine whether the verdict is joint or several or, if several, whether against Miller or Wentland, and that therefore the court erred in refusing to grant a new trial.

2. That prejudicial error was committed by the court in the charge by addressing and lecturing taxi drivers and other drivers in the court room, not parties to the case.

3. That the jury was not correctly charged concerning the legal relationship between Miller and Wentland.

4. That the court erred in refusing to direct a verdict for the defendants because the plaintiff's testimony disclosed him to have been guilty of contributory negligence.

5. That the verdict of $8000 for the injury is excessive.

Attorneys—C. H. Workman for Miller et; Mansfield & Black for Hesseldon; all of Mansfield.